Jaren Wieland, ISB No. 8265
**MOONEY WIELAND WARREN**
512 W. Idaho St., Suite 103
Boise, ID 83702
t: 208.401.9219
f: 208.401.9218
jaren.wieland.service@mooneywieland.com

Andrew Rozynski, Esq.*
**EISENBERG & BAUM, LLP**
24 Union Square East, PH
New York, NY 10003
t: 212.353.8700
f: 212.353.1708
arozynski@eandblaw.com

*Pro Hac Vice Application Forthcoming*

*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **Revae Arnaud**,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>**Jack in the Box Inc.**,<br><br>　　　　　　　Defendant. | Case No.<br><br>**Complaint** |

Plaintiff REVAE ARNAUD, by and through her undersigned counsel, MOONEY WIELAND WARREN and EISENBERG & BAUM, LLP, hereby states her Complaint against Defendant Jack in the Box Inc.:

## INTRODUCTION

1. The Americans with Disabilities Act guarantees individuals with disabilities the right to full and equal enjoyment of public accommodations. When restaurants advertise food for sale and invite the public to place orders through their drive-through facilities, they must ensure these services are accessible to all customers, including those with disabilities. Refusing service to customers based on their disability not only violates federal law but also breaches the fundamental contract between business and consumer.

2. Plaintiff, Revae Arnaud, is a profoundly deaf individual who primarily communicates in American Sign Language ("ASL"). ASL is her expressed, preferred, and most effective means of communication. Ms. Arnaud has relied on written communication throughout her life to interact with hearing individuals who do not know ASL.

3. On December 22, 2022, Defendant's employees not only refused to serve Plaintiff at their drive-through facility but also subjected her to discriminatory treatment, ultimately calling law enforcement to remove her from the premises for merely attempting to place an order in writing—a reasonable accommodation for her disability.

4. Despite Plaintiff's repeated attempts to communicate her order by displaying it on her phone screen—a common and effective method used by deaf individuals—Defendant's employees insisted she either use the inaccessible speaker system or leave the drive-through lane entirely.

5. When Plaintiff respectfully asserted her legal right to equal service at the drive-through window, Defendant escalated the situation by contacting law enforcement to remove her from the property for alleged trespassing, causing her significant emotional distress and humiliation.

6. Plaintiff brings this action under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq., the Idaho Consumer Protection Act ("ICPA"), Idaho Code § 48-601 et seq., and for breach of contract under Idaho common law, seeking both compensatory damages and injunctive relief to prevent future discrimination.

## THE PARTIES

7. Plaintiff Revae Arnaud is a current resident of San Jose, California. She is profoundly deaf and relies primarily on American Sign Language for communication. Her hearing impairment substantially limits the major life activities of hearing and speaking as defined under 42 U.S.C. § 12102(2)(A). Ms. Arnaud would return to Defendant's establishment if not for the discriminatory treatment she experienced and subsequent trespass order.

8. Defendant Jack in the Box Inc. is a Delaware corporation with its principal place of business at 9330 Balboa Ave, San Diego, CA 92123. Defendant owns, operates, and/or leases the Jack in the Box restaurant located at 424 S Woodruff Avenue, Idaho Falls, ID 83401 (the "Subject Facility"). The Subject Facility is a place of public accommodation within the meaning of 42 U.S.C. § 12181(7)(B) and is subject to Title III of the ADA and its implementing regulations.

## JURISDICTION & VENUE

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as Plaintiff's claims arise under federal law, specifically Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

10. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because these claims are so related to the federal claims that they form part of the same case or controversy.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the Subject Facility is located in this District, a substantial part of the events giving rise to these claims occurred in this District, and Defendant regularly conducts business in this District.

## STATEMENT OF FACTS

12. Upon information and belief, Defendant owns, operates, and/or leases the Subject Facility, which offers drive-through service to the general public as part of its regular business operations.

13. Defendant's drive-through service consists of specialized automobile lanes that wrap around the restaurant building. Customers typically place orders through an outdoor speaker system, then proceed to a window to pay for and receive their food.

14. On December 22, 2022, at approximately 3:30 pm, Plaintiff attempted to use the drive-through service at the Subject Facility.

15. Because the Plaintiff could not hear or speak through the speaker system, she proceeded directly to the drive-through window to place her order.

16. Proceeding directly to the window was a reasonable modification of Defendant's usual procedures to accommodate her disability.

17. Upon reaching the window, Plaintiff immediately identified herself as deaf and attempted to place her order by showing her phone screen to the employee, which displayed her complete order in writing.

18. Rather than process Plaintiff's order, Defendant's employee repeatedly gestured toward the speaker box, despite Plaintiff's clear communication that she was deaf and could not use that system.

19. Plaintiff waited at the window for approximately 30 minutes while Defendant's employees continued to serve other non-disabled customers who came after her.

20. During this time, Plaintiff observed at least three employees discuss her situation, including what appeared to be a supervisor. Yet, none made any attempt to accommodate her disability or process her order.

21. Instead of providing service or offering any reasonable accommodation, Defendant's employees contacted local law enforcement to remove Plaintiff from the property.

22. When police officers arrived, they informed Plaintiff that she was now trespassed from the property at Defendant's request, effectively banning her from returning to the Subject Facility.

23. Throughout the incident, Defendant's employees failed to attempt any alternative means of communication with Plaintiff and refused to read or acknowledge her written order.

24. Further, Defendant's employees continued serving the non-disabled customers who arrived after Plaintiff, clearly demonstrating a discriminatory provision of services to Plaintiff as compared to non-disabled customers.

25. Defendant's employees made no effort to accommodate Plaintiff's disability as required by federal and state law.

26. Indeed, Defendant's employees escalated the situation by involving law enforcement rather than simply providing service to Plaintiff like any other customer.

27. Defendant's refusal to serve Plaintiff in the same manner as hearing individuals and summoning law enforcement left Plaintiff humiliated, frustrated, rejected, and confused.

28. Based on this incident, it is evident that Defendant has failed to train its employees on serving customers with disabilities.

29. Defendant has also failed to implement readily available alternatives to accommodate customers with disabilities in its speaker-based ordering system. Defendant's drive-thru ordering system, which requires customers to hear and speak, is inaccessible to deaf and hard-of-hearing individuals. Defendant does not offer accessible or alternative means for deaf and hard-of-hearing individuals, including Plaintiff, to utilize the drive-thru in a manner equal to the service offered to hearing (i.e., non-deaf) individuals.

30. Upon information and belief, Defendant has a policy or practice of discriminating against deaf individuals by refusing to serve them at the drive-thru window.

31. Defendant's discriminatory conduct caused Plaintiff to suffer public humiliation and emotional distress, as well as a loss of time and transportation costs.

32. Defendant's conduct caused Plaintiff to be denied full and equal enjoyment of Defendant's goods, services, privileges, advantages, and/or accommodations.

33. Further, Plaintiff has been excluded from future services from Defendant due to the trespass order.

**FIRST CLAIM FOR RELIEF**

**Violations of Title III of the Americans with Disabilities Act**

34. Plaintiff repeats and realleges all preceding paragraphs in support of this claim.

35. At all times relevant to this action, Title III of the ADA, 42 U.S.C. § 12181, *et seq.*, has been in full force and effect and has applied to Defendant's conduct.

36. At all times relevant to this action, the United States Department of Justice regulations implementing Title III of the ADA, 28 C.F.R. Part 36, have been in full force and effect and have applied to Defendant's conduct.

37. Plaintiff is substantially limited in the major life activities of hearing and speaking and is an individual with a disability within the meaning of the ADA, 42 U.S.C. § 12102(2).

38. Defendant owns, leases, and/or operates a place of public accommodation within the meaning of Title III of the ADA, 42 U.S.C. § 12181(7)(B).

39. Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

40. Title III of the ADA further provides that "[i]t shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege,

advantage, or accommodation that is not equal to that afforded to other individuals." 42 U.S.C. § 12182(b)(1)(A)(ii).

41. Title III of the ADA further defines discrimination to include "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services." 42 U.S.C. § 12182(b)(2)(A)(iii).

42. Title III of the ADA further defines discrimination to include "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable," or "where an entity can demonstrate that the removal of a barrier . . . is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv–v).

43. Federal regulations implementing Title III of the ADA provide that "[a] public accommodation shall furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities." 28 C.F.R. § 36.303(c).

44. Defendant discriminated against Plaintiff on the basis of disability, in violation of Title III of the ADA and its implementing regulations, by:

    (a) Failing to provide appropriate auxiliary aids and services to ensure effective communication with Plaintiff;

    (b) Failing to make its drive-through services accessible to individuals who are deaf or hard of hearing;

(c) Refusing to serve Plaintiff at the drive-through window when she attempted to place her order in writing;

(d) Failing to train its employees on how to effectively communicate with and serve customers who are deaf or hard of hearing;

(e) Failing to implement readily achievable alternative methods of providing drive-through service to deaf individuals; and

(f) Excluding Plaintiff from the property through a trespass order in retaliation for requesting accommodation.

45. The discriminatory conduct described above is ongoing and continues to present a real and immediate threat of repeated injury to Plaintiff and other deaf individuals.

46. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered and continues to suffer emotional distress, humiliation, embarrassment, and loss of enjoyment of life.

47. Plaintiff would like to return to and use Defendant's drive-through services but is deterred from doing so by Defendant's discriminatory policies and practices and the trespass order issued against her.

48. Plaintiff is therefore entitled to nominal damages in equity and injunctive relief, as well as an award of attorney fees, costs, and disbursements pursuant to the ADA, 42 U.S.C. § 12188(a)(1).

## SECOND CLAIM FOR RELIEF

### Violations of the Idaho Consumer Protection Act

49. Plaintiff repeats and realleges all preceding paragraphs in support of this claim.

50. The Idaho Consumer Protection Act ("ICPA") prohibits unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce. Idaho Code § 48-603.

51. Defendant is a "person" within the meaning of the ICPA, Idaho Code § 48-602(1).

52. Defendant's operation of a fast-food restaurant constitutes "trade" and "commerce" within the meaning of the ICPA, Idaho Code § 48-602(2).

53. Defendant violated the ICPA by engaging in unfair and deceptive acts or practices, including but not limited to:

- (a) Refusing to serve Plaintiff based on her disability, which constitutes an unfair practice that deprives consumers of fair access to goods and services;
- (b) Misrepresenting the accessibility of its drive-through services by implicitly representing that it would serve all members of the public without discrimination;
- (c) Violating public expectations of non-discriminatory service when approaching a public business;
- (d) Contravening public policy as established by both federal and state laws, including the Americans with Disabilities Act;
- (e) Creating an unfair barrier in the marketplace by limiting the ability of disabled individuals to participate fully in economic life; and
- (f) Undermining overall consumer welfare by fostering an environment where discriminatory practices are tolerated.

54. Defendant's unfair and deceptive acts or practices possess a tendency or capacity to deceive consumers, which is sufficient to establish a violation of the ICPA.

55. Defendant's unfair and deceptive acts or practices were likely to mislead a reasonable consumer acting reasonably under the circumstances.

56. Defendant's unfair and deceptive acts or practices occurred in the conduct of trade or commerce.

57. Defendant's unfair and deceptive acts or practices impacted the public interest because they occurred in the course of Defendant's business and were capable of repetition.

58. Moreover, Defendant's actions are unconscionable and are outrageous or offensive to the public conscience per Idaho Code § 48-603(17) and § 48-603C(2)(d).

59. As a direct and proximate result of Defendant's unfair and deceptive acts or practices, Plaintiff has suffered an ascertainable loss of money or property, including but not limited to:

   (a) The loss of the opportunity to purchase Defendant's goods and services;

   (b) Additional transportation costs incurred in seeking alternative food service;

   (c) Loss of time spent attempting to obtain service and dealing with law enforcement;

   (d) Emotional distress, humiliation, and frustration.

60. Plaintiff is, therefore, entitled to the following relief pursuant to Idaho Code § 48-608:

   (a) Actual and nominal damages;

   (b) Treble damages, as Defendant's acts were committed knowingly;

   (c) Reasonable attorney fees and costs;

(d) Injunctive relief to prevent Defendant from continuing its unfair and deceptive practices; and

(e) Any other relief the Court deems necessary and appropriate.

## THIRD CLAIM FOR RELIEF

### Breach of Contract

61. Plaintiff repeats and realleges all preceding paragraphs in support of this claim.

62. On December 14, 2022, Plaintiff approached the drive-through of Defendant's Jack in the Box restaurant located at 424 S Woodruff Avenue, Idaho Falls, ID 83401.

63. The presence of the drive-through, complete with a menu and an invitation to order, constituted an offer by Defendant to sell food and beverages to the public, including Plaintiff. This offer meets the first element of contract formation under Idaho law.

64. By proceeding to the drive-through window to place her order in writing, Plaintiff attempted to accept Defendant's offer under the reasonable and necessary accommodation for her disability. This acceptance meets the second element of contract formation.

65. The consideration expected to be exchanged included Plaintiff's payment for her meal and Defendant's provision of the meal, fulfilling the consideration element necessary for contract formation under Idaho law.

66. Plaintiff's actions demonstrated a clear intention to engage in the transaction under the terms commonly expected in a drive-through setting, adjusted only by the reasonable accommodation of placing her order in writing due to her deafness. Defendant's operation of the drive-through service implied a willingness to serve all customers. This mutual assent satisfies the fourth element of contract formation under Idaho law.

67. Despite Plaintiff's clear attempt to engage in the contractual transaction by placing her order in writing, Defendant refused to accept Plaintiff's written order, directly breaching the implied contract.

68. Under Idaho law, there is an implied covenant of good faith and fair dealing in every contract. Defendant breached this covenant by:

(a) Refusing to accommodate Plaintiff's disability;

(b) Denying her the opportunity to complete the transaction;

(c) Treating her differently from non-disabled customers;

(d) Escalating the situation by involving law enforcement rather than providing service; and

(e) Issuing a trespass order preventing future patronage.

69. As a direct and proximate result of Defendant's breach of contract and breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered damages including, but not limited to:

(a) Expectation interest damages for the reasonable value of the denial of equal access to services and goods;

(b) Consequential damages for extra transportation costs and time spent seeking alternative food service;

(c) Emotional distress, humiliation, and frustration.

70. While Idaho generally bars the recovery of emotional distress damages in contract cases, Plaintiff contends that Defendant's conduct was sufficiently outrageous to warrant such damages under the exception recognized in *Brown v. Mathews Mortuary, Inc.*, 801 P.2d 37, 46 (Idaho 1990).

71. Plaintiff is, therefore, entitled to nominal and compensatory damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter a declaratory judgment that Defendant's policies, procedures, and practices have subjected Plaintiff to unlawful discrimination in violation of:

   a. Title III of the Americans with Disabilities Act;

   b. The Idaho Consumer Protection Act; and

   c. Idaho contract law.

B. Enter a permanent injunction ordering Defendant to:

   a. Develop and implement comprehensive written policies and procedures for serving customers with disabilities, including specific protocols for drive-through service;

   b. Provide mandatory training to all employees on serving customers with disabilities, including specific training on alternative methods of communication;

Install visual display systems or other accessible alternatives at drive-through facilities;

   c. Immediately rescind the trespass order against Plaintiff;

   d. Cease discriminatory practices against customers with disabilities; and

   e. Submit to monitoring and periodic reporting to ensure compliance with the Court's orders.

C. Award Plaintiff compensatory damages in an amount to be determined at trial for:

      a. Emotional distress;

      b. Humiliation;

      c. Loss of dignity;

      d. Economic losses; and

      e. Other consequential damages.

D. Award Plaintiff treble damages under the Idaho Consumer Protection Act;

E. Award Plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 12205, Idaho Code § 48-608, and any other applicable provision of law;

F. Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

G. Award Nominal Damages; and

H. Grant such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury for all of the issues a jury may properly decide on and for all of the requested relief that a jury may award.

Dated November 22, 2024

                                              Respectfully submitted,

                                              *Jaren Wieland*
                                              Jaren Wieland, ISB No. 8265
                                              MOONEY WIELAND WARREN
                                              512 W. Idaho St., Suite 103
                                              Boise, ID 83702
                                              t: 208.401.9219
                                              f: 208.401.9218
                                              jaren.wieland.service@mooneywieland.com

Andrew Rozynski, Esq.*
EISENBERG & BAUM, LLP
24 Union Square East, PH
New York, NY 10003
t: 212.353.8700
f: 212.353.1708

Attorneys for Plaintiff

*Pro Hac Vice Application Forthcoming*