Jaren Wieland, ISB No. 8265
**MOONEY WIELAND WARREN**
512 W. Idaho St., Suite 103
Boise, ID 83702
t: 208.401.9219
f: 208.401.9218
jaren.wieland.service@mooneywieland.com

Andrew Rozynski, Esq.*
**EISENBERG & BAUM, LLP**
24 Union Square East, PH
New York, NY 10003
t: 212.353.8700
f: 212.353.1708
arozynski@eandblaw.com

*Pro Hac Vice*

*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **Revae Arnaud**, | Case No. 4:24-cv-00566 REP |
| Plaintiff, | **Amended Complaint** |
| vs. | |
| **Jack in the Box, Inc**. and **SGK Idaho, Inc**., | |
| Defendants. | |

Plaintiff REVAE ARNAUD, by and through her undersigned counsel, MOONEY WIELAND WARREN and EISENBERG & BAUM, LLP, hereby states her Complaint against Defendants Jack in the Box, Inc. and SGK Idaho, Inc.:

## INTRODUCTION

1.      The Americans with Disabilities Act guarantees individuals with disabilities the right to full and equal enjoyment of public accommodations. When restaurants advertise food for sale and invite the public to place orders through their drive-through facilities, they must ensure these services are accessible to all customers, including those with disabilities. Refusing service to customers based on their disability not only violates federal law but also breaches the fundamental contract between business and consumer.

2.      Plaintiff, Revae Arnaud, is a profoundly deaf individual who primarily communicates in American Sign Language ("ASL"). ASL is her expressed, preferred, and most effective means of communication. Ms. Arnaud has relied on written communication throughout her life to interact with hearing individuals who do not know ASL.

3.      On December 22, 2022, Plaintiff attempted to access Defendants' drive-through services at their Idaho Falls location. Despite Plaintiff's repeated attempts to communicate her order by displaying it on her phone screen—a common and effective method used by deaf individuals—she was denied service through a series of discriminatory actions by both Defendants.

4.      SGK Idaho, Inc.'s employees refused to accept Plaintiff's written order and insisted she either use the inaccessible speaker system or leave the drive-through lane entirely. When Plaintiff respectfully asserted her legal right to equal service, SGK Idaho, Inc.'s employees escalated the situation by contacting law enforcement to remove her from the property.

5.      Jack in the Box, Inc., which maintains substantial control over franchise operations including training and customer service protocols, had failed to implement any

accessible alternatives to its audio-based ordering system or prevent such discriminatory treatment. Despite its authority at all franchise operations, Jack in the Box, Inc. has neither required SGK Idaho, Inc. to rescind the discriminatory trespass order nor implemented system-wide changes to prevent such discrimination.

6.      Plaintiff brings this action under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq., the Idaho Consumer Protection Act ("ICPA"), Idaho Code § 48-601 et seq., and for breach of contract under Idaho common law, seeking both compensatory damages and injunctive relief to prevent future discrimination.

## THE PARTIES

7.      Plaintiff Revae Arnaud is a current resident of San Jose, California. She is profoundly Deaf and relies primarily on American Sign Language for communication. Her hearing impairment substantially limits the major life activities of hearing and speaking as defined under 42 U.S.C. § 12102(2)(A). If not for the discriminatory treatment and trespass order, Ms. Arnaud would return to Defendants' establishment.

8.      Defendant Jack in the Box, Inc. is a Delaware corporation with its principal place of business at 9330 Balboa Ave, San Diego, CA 92123. It is the owner and licensor of the JACK IN THE BOX® system, trademarks, and operating procedures and exercises direct, day-to-day control over operations at franchised locations—including the Subject Facility (defined below)—beyond mere trademark licensing. This operational control encompasses all customer-facing aspects of the business, including mandatory training programs, specific operating procedures, detailed facility standards, required equipment specifications, and standardized customer service protocols. Jack in the Box, Inc. maintains

the right to inspect the Subject Facility without notice, mandate operational changes, and enforce compliance with its standards. This level of control extends to the physical premises itself, as Jack in the Box, Inc. must approve any modifications to the building or property and maintains authority over all aspects of facility design and customer service delivery methods.

9.     Defendant, SGK Idaho, Inc. is an Idaho corporation that owns and, in conjunction with Jack in the Box, Inc. operates the Jack in the Box restaurant located at 424 S Woodruff Avenue, Idaho Falls, ID 83401 (the "Subject Facility") pursuant to a franchise agreement with Jack in the Box, Inc. dated April 8, 2005. The Subject Facility is a place of public accommodation within the meaning of 42 U.S.C. § 12181(7)(B) and is subject to Title III of the ADA and its implementing regulations.

10.    Both Defendants exercise control over aspects of the Subject Facility's operations that are relevant to the accessibility issues in this case.

## JURISDICTION & VENUE

11.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as Plaintiff's claims arise under federal law, specifically Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

12.    This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because these claims are so related to the federal claims that they form part of the same case or controversy.

13.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the Subject Facility is located in this District, a substantial part of the events giving rise to these claims occurred in this District, and Defendants regularly conducts business in this District.

## STATEMENT OF FACTS

14.     Defendant Jack in the Box, Inc. exercises substantial operational control over SGK Idaho, Inc. and the Subject Facility, particularly in areas directly impacting accessibility and customer service. This control includes mandatory implementation of corporate policies, oversight of facility design and accessibility-related equipment, required staff training programs, authority to inspect and mandate operational changes, and enforcement of compliance through the franchise agreement. These mechanisms collectively ensure that Jack in the Box, Inc. directly influences how the Subject Facility serves customers with disabilities.

15.     Defendant SGK Idaho, Inc. owns and operates the Jack in the Box restaurant located at 424 S Woodruff Avenue, Idaho Falls, ID 83401 (the "Subject Facility") pursuant to a franchise agreement with Jack in the Box, Inc. dated April 8, 2005. Under this agreement, SGK Idaho, Inc. must follow Jack in the Box, Inc.'s operating procedures and standards.

16.     The Subject Facility's drive-through service consists of specialized automobile lanes that wrap around the restaurant building. Customers typically place orders through an outdoor speaker system, then proceed to a window to pay for and receive their food. The drive-through area includes multiple illuminated menu boards displaying food items

and prices. It contains no signage indicating alternative ordering methods for customers with disabilities or any visible accommodation procedures.

17.     On December 22, 2022, at approximately 3:30 pm, Plaintiff attempted to use the drive-through service at the Subject Facility operated by SGK Idaho, Inc. Because Plaintiff could not hear or speak through the speaker system, she proceeded directly to the drive-through window to place her order.

18.     Plaintiff proceeding directly to the window was a reasonable modification of Defendants' usual procedures to accommodate her disability.

19.     Upon reaching the window, Plaintiff immediately identified herself as deaf to SGK Idaho, Inc.'s employee and attempted to place her order by showing her phone screen, which displayed her complete order in writing.

20.     SGK Idaho, Inc.'s employee repeatedly gestured toward the speaker box, despite Plaintiff's clear communication that she was deaf and could not use that system.

21.     Plaintiff waited at the window for approximately 30 minutes while SGK Idaho, Inc.'s employees continued to serve other non-disabled customers who arrived after her.

22.     During this time, Plaintiff observed at least three SGK Idaho, Inc. employees, including what appeared to be a supervisor, discuss her situation. None of these employees attempted to accommodate her disability or process her order.

23.     When police officers arrived, they informed Plaintiff that she was now trespassed from the property at Jack in the Box's (SGK Idaho, Inc.) request, effectively banning her from returning to the Subject Facility.

24.     SGK Idaho, Inc.'s employees made no effort to accommodate Plaintiff's disability as required by federal and state law.

25.     SGK Idaho, Inc.'s employees' refusal to serve Plaintiff in the same manner as hearing individuals and summoning law enforcement left Plaintiff humiliated, frustrated, rejected, and confused.

26.     Jack in the Box, Inc. exercises direct control over franchise employee training through its mandatory Certified Franchise Restaurant Manager Training Program and ongoing training requirements. Upon information and belief, this training program fails to adequately address disability accommodation or provide specific protocols for serving deaf customers.

27.     Through its franchise agreement, Jack in the Box, Inc. maintains both the contractual right and operational ability to require franchisees to implement accessible ordering systems and accommodation procedures. Despite this authority, Jack in the Box, Inc. has failed to mandate such accessibility measures at the Subject Facility or across its franchise system.

28.     The failure to serve Plaintiff resulted from both Defendants' systemic failures. Jack in the Box, Inc. failed to establish proper accessibility policies and training programs, while SGK Idaho, Inc. failed to properly train and supervise its employees on serving customers with disabilities. This combined failure demonstrates the interconnected nature of Defendants' discrimination against deaf individuals.

29.     Defendants' drive-through ordering system, which relies exclusively on audio communication, creates an inherent barrier for deaf and hard-of-hearing individuals. Despite the ready availability of alternative ordering methods—including point-of-sale tablet systems, two-way digital displays, and writing/text-based ordering systems currently employed by other major quick-service restaurants—neither Defendant has implemented

formal, accessible solutions. These alternatives are commercially available, widely used in the industry, and would impose minimal operational burden while ensuring equal access for deaf customers. Upon information and belief, Jack in the Box, Inc. has not required such accessible alternatives through its franchise agreement, and SGK Idaho, Inc. has not voluntarily adopted them at the Subject Facility.

30.     Defendants' discriminatory conduct caused Plaintiff to suffer public humiliation and emotional distress, as well as a loss of time and transportation costs.

31.     Defendants' conduct caused Plaintiff to be denied full and equal enjoyment of Defendants' goods, services, privileges, advantages, and/or accommodations.

32.     Further, Plaintiff has been excluded from future services from Defendants at the Subject Facility due to the trespass order.

## FIRST CLAIM FOR RELIEF

### Violations of Title III of the Americans with Disabilities Act

33.     Plaintiff repeats and realleges all preceding paragraphs in support of this claim.

34.     At all times relevant to this action, Title III of the ADA, 42 U.S.C. § 12181, *et seq.*, has been in full force and effect and has applied to Defendants' conduct.

35.     At all times relevant to this action, the United States Department of Justice regulations implementing Title III of the ADA, 28 C.F.R. Part 36, have been in full force and effect and have applied to Defendants' conduct.

36.     Plaintiff is substantially limited in the major life activities of hearing and speaking and is an individual with a disability within the meaning of the ADA, 42 U.S.C. § 12102(2).

37.     Defendants own, and/or operate a place of public accommodation within the meaning of Title III of the ADA, 42 U.S.C. § 12181(7)(B).

38.     Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

39.     Title III of the ADA further provides that "[i]t shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals." 42 U.S.C. § 12182(b)(1)(A)(ii).

40.     Title III of the ADA further defines discrimination to include "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services." 42 U.S.C. § 12182(b)(2)(A)(iii).

41.     Title III of the ADA further defines discrimination to include "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable," or "where an entity can demonstrate that the removal of a barrier . . . is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available

through alternative methods if such methods are readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv–v).

42.     Federal regulations implementing Title III of the ADA provide that "[a] public accommodation shall furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities." 28 C.F.R. § 36.303(c).

43.     Jack in the Box, Inc. violated Title III of the ADA and its implementing regulations by failing to ensure accessibility at its franchised locations, despite exercising significant operational control over them. Specifically, Jack in the Box, Inc.: (1) failed to develop or implement system-wide policies requiring accessible alternatives to audio-based ordering; (2) did not mandate the use of appropriate auxiliary aids and services across its franchise network, as required by 28 C.F.R. § 36.303(c); (3) provided inadequate training on disability accommodation in its mandatory training programs; (4) maintained an inaccessible drive-through system despite the availability of readily achievable alternatives used by other quick-service restaurants; and (5) neglected to exercise its contractual authority to ensure compliance with ADA requirements at franchised locations, despite holding explicit control over customer-service protocols and facility operations through its franchise agreement.

44.     SGK Idaho, Inc. also violated Title III of the ADA through its direct discriminatory actions against Plaintiff. The company refused to accept Plaintiff's written order at the drive-through window, failed to provide any reasonable accommodation for her disability, and served non-disabled customers while denying her service. SGK Idaho, Inc. further retaliated against Plaintiff by summoning law enforcement and issuing a trespass order, compounding the discriminatory treatment she experienced. Additionally,

the company failed to properly train and supervise its employees regarding disability accommodations, further contributing to the harm Plaintiff suffered.

45.    The discriminatory conduct described above reflects ongoing systematic failures by both Defendants. Jack in the Box, Inc. continues to maintain inaccessible systems and inadequate training requirements across its franchise network, while SGK Idaho, Inc. continues to operate without proper accessibility measures or accommodation procedures. This ongoing conduct presents a real and immediate threat of repeated injury to Plaintiff and other deaf individuals.

46.    As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff has suffered and continues to suffer emotional distress, humiliation, embarrassment, and loss of enjoyment of life.

47.    Plaintiff would like to return to and use the Subject Facility's drive-through services but is deterred from doing so by Defendants' discriminatory policies and practices and the trespass order issued against her.

48.    Plaintiff is therefore entitled to nominal damages in equity and injunctive relief, as well as an award of attorney fees, costs, and disbursements pursuant to the ADA, 42 U.S.C. § 12188(a)(1).

**SECOND CLAIM FOR RELIEF**

**Violations of the Idaho Consumer Protection Act**

49.    Plaintiff repeats and realleges all preceding paragraphs in support of this claim.

50.    The Idaho Consumer Protection Act ("ICPA") prohibits unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce. Idaho Code § 48-603.

51.    Defendants are "persons" within the meaning of the ICPA, Idaho Code § 48-602(1).

52.    Defendants' operation of a fast-food restaurant constitutes "trade" and "commerce" within the meaning of the ICPA, Idaho Code § 48-602(2).

53.    Defendants violated the Idaho Consumer Protection Act through their respective unfair and deceptive acts and practices, specifically violating Idaho Code § 48-603(2) by causing likelihood of confusion about the availability of services to all customers; § 48-603(5) by representing that their services have characteristics and benefits that they do not have, namely accessibility to all customers; § 48-603(7) by representing that their services are of a particular standard or quality when they knew or should have known they were of another; and § 48-603(17) by engaging in conduct that is unconscionable under § 48-603C(2)(d) in engaging in conduct that would outrage or offend public conscience by refusing to serve a deaf customer who cannot utilize the speaker box and then call the police to evict them from the premises.

54.    Jack in the Box, Inc. engaged in unfair practices by creating and maintaining a system-wide ordering process that excludes deaf individuals, all while representing its services as open to the public. The company failed to require franchisees to implement accessible alternatives, despite exercising significant control over their operations, and established training programs that inadequately addressed disability accommodations. Moreover, Jack in the Box, Inc. maintained policies and procedures that enabled discrimination against deaf customers and misrepresented its drive-through service as available to all customers, even though it was knowingly inaccessible to deaf individuals.

55.    Similarly, SGK Idaho, Inc. engaged in unfair practices by refusing to serve Plaintiff based on her disability while continuing to serve non-disabled customers. The company misrepresented the availability of its services through signage and advertising, perpetuating discriminatory practices. SGK Idaho, Inc. further escalated Plaintiff's request for accommodation by involving law enforcement and issuing a trespass order in retaliation for her request. Additionally, the company created barriers to economic participation for deaf individuals, directly undermining their ability to access services in the marketplace. These acts and omissions by both Defendants constitute violations of the ICPA.

56.    These unfair and deceptive acts arise from Defendants' integrated business operations. Jack in the Box, Inc.'s system-wide policies and procedures enable and require SGK Idaho, Inc.'s discriminatory practices, creating a comprehensive scheme that excludes deaf individuals from equal participation in the marketplace.

57.    Defendants' practices are likely to mislead reasonable consumers because they create the false impression that their drive-through services are available to all members of the public, when in fact Defendants maintain and enforce policies and practices that exclude deaf individuals from accessing these services.

58.    Defendants' unfair and deceptive acts or practices possess a tendency or capacity to deceive consumers, which is sufficient to establish a violation of the ICPA.

59.    Defendants' unfair and deceptive acts or practices were likely to mislead a reasonable consumer acting reasonably under the circumstances.

60.    Defendants' unfair and deceptive acts or practices occurred in the conduct of trade or commerce.

61.    Defendants' unfair and deceptive acts or practices impacted the public interest because they occurred in the course of Defendants' business and were capable of repetition.

62.    Moreover, Defendants' actions are unconscionable and are outrageous or offensive to the public conscience per Idaho Code § 48-603(17) and § 48-603C(2)(d).

63.    As a direct and proximate result of Defendants' unfair and deceptive acts or practices, Plaintiff has suffered an ascertainable loss of money or property, including but not limited to:

(a) The loss of the opportunity to purchase Defendants' goods and services;

(b) Additional transportation costs incurred in seeking alternative food service;

(c) Loss of time spent attempting to obtain service and dealing with law enforcement;

(d) Emotional distress, humiliation, and frustration.

64.    Plaintiff is, therefore, entitled to the following relief pursuant to Idaho Code § 48-608:

(a) Actual and nominal damages;

(b) Treble damages, as Defendants' acts were committed knowingly;

(c) Reasonable attorney fees and costs;

(d) Injunctive relief to prevent Defendants from continuing their unfair and deceptive practices; and

(e) Any other relief the Court deems necessary and appropriate.

### THIRD CLAIM FOR RELIEF

### Breach of Contract

65.    Plaintiff repeats and realleges all preceding paragraphs in support of this claim.

66.     On December 22, 2022, Plaintiff approached the drive-through of the Subject Facility located at 424 S Woodruff Avenue, Idaho Falls, ID 83401.

67.     The presence of the drive-through, complete with a menu and an invitation to order, constituted an offer by Defendants to sell food and beverages to the public, including Plaintiff. This offer meets the first element of contract formation under Idaho law.

68.     By proceeding to the drive-through window to place her order in writing, Plaintiff attempted to accept Defendants' offer under the reasonable and necessary accommodation for her disability. This acceptance meets the second element of contract formation.

69.     The presence of the drive-through, complete with illuminated menu boards, prices, and an invitation to order, constituted an objective manifestation of Defendants' intent to enter into a contract with any member of the public who approaches the drive-through to place an order, thereby creating an offer under Idaho law. The drive-through setup, coupled with Defendants' advertising and public-facing business model, created a clear offer to sell food and beverages to all members of the public, including those with disabilities who may require reasonable modifications to the ordering process.

70.     Plaintiff's actions demonstrated a clear intention to engage in the transaction under the terms commonly expected in a drive-through setting, adjusted only by the reasonable accommodation of placing her order in writing due to her deafness. Defendants' operation of the drive-through service implied a willingness to serve all customers. This mutual assent satisfies the fourth element of contract formation under Idaho law.

71.     The breach of contract arose through the combined actions of both Defendants. SGK Idaho, Inc. directly breached the implied contract by refusing to accept Plaintiff's

written order, while Jack in the Box, Inc. contributed to and enabled this breach through its control over operations and procedures at the Subject Facility.

72.    Under Idaho law, there is an implied covenant of good faith and fair dealing in every contract.

73.    Both Defendants breached the implied covenant of good faith and fair dealing inherent in their offer of services to the public.

74.    Jack in the Box, Inc. breached the covenant of good faith and fair dealing by maintaining system-wide policies that prevented franchisees from properly accommodating deaf customers. Despite its significant control over franchise operations, the company failed to require accessible alternatives to audio-based ordering, thereby excluding individuals with disabilities from equal access to its services. Jack in the Box, Inc. further enabled discriminatory practices by implementing inadequate training programs and procedures that failed to address the needs of deaf customers. Additionally, the company maintained authority over the trespass order issued against Plaintiff but failed to take any action to rescind it, perpetuating the harm caused by its discriminatory practices

75.    SGK Idaho, Inc. also breached the covenant of good faith and fair dealing by refusing to accommodate Plaintiff's disability, even though it had the ability to do so. The company treated Plaintiff differently from non-disabled customers by denying her service and escalating her simple request for accommodation into a law enforcement matter. This discriminatory treatment culminated in the issuance of a retaliatory trespass order, which barred Plaintiff from future patronage and further deprived her of equal access to public services. Together, these actions represent a failure to uphold the covenant of good faith and fair dealing.

76.     As a direct and proximate result of Defendants' breach of contract and breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered damages including, but not limited to:

(a) Expectation interest damages for the reasonable value of the denial of equal access to services and goods;

(b) Consequential damages for extra transportation costs and time spent seeking alternative food service; and

(c) Ongoing inability to access Defendants' services due to the trespass order.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court as to the Defendants Jointly and Severally:

A. Enter a declaratory judgment that Defendants' policies, procedures, and practices have subjected Plaintiff to unlawful discrimination in violation of:

    a. Title III of the Americans with Disabilities Act;

    b. The Idaho Consumer Protection Act; and

    c. Idaho contract law.

B. Enter a permanent injunction ordering Defendants to:

    a. Develop and implement comprehensive written policies and procedures for serving customers with disabilities, including specific protocols for drive-through service;

    b.   Provide mandatory training to all employees on serving customers with disabilities, including specific training on alternative methods of communication;

    c.   Install technology allowing for accessible alternatives at drive-through facilities;

    d.   Immediately rescind the trespass order against Plaintiff;

    e.   Cease discriminatory practices against customers with disabilities; and

    f.   Establish monitoring and reporting requirements for ADA compliance.

C.  Against Defendant Jack in the Box, Inc.:

    a.   Order development and implementation of system-wide accessibility policies;

    b.   Require corporate-level disability accommodation training programs; and

    c.   Mandate installation of accessible ordering systems at all locations.

D. Against Defendant SGK Idaho, Inc.

    a.   Order implementation of local accessibility policies;

    b.   Require staff training on disability accommodation; and

    c.   Rescind the trespass order against Plaintiff.

E.  As to both Defendants, award Plaintiff compensatory damages under the ICPA and Breach of Contract Claims in an amount to be determined at trial for:

    a.   Emotional distress (ICPA);

    b.   Humiliation (ICPA);

    c.   Loss of dignity (ICPA);

    d.   Loss of Expectation Interest (Breach of Contract & ICPA);

  e. Economic losses (Breach of Contract & ICPA);

  f. Ongoing exclusion due to the trespass order (Breach of Contract & ICPA);

  g. Other consequential damages (Breach of Contract & ICPA); and

  h. Any other damages provided by law (Breach of Contract & ICPA)

F. Award Plaintiff treble damages under the Idaho Consumer Protection Act;

G. Award Plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 12205, Idaho Code § 48-608, and any other applicable provision of law;

H. Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

I. Award Nominal Damages as to all causes of action; and

**J.** Grant such other relief as the Court deems just and proper.

## JURY DEMAND

  Plaintiff demands trial by jury for all of the issues a jury may properly decide on and for all of the requested relief that a jury may award.

Dated January 27, 2025

       Respectfully submitted,

       *Jaren Wieland*
       Jaren Wieland, ISB No. 8265
       MOONEY WIELAND WARREN
       512 W. Idaho St., Suite 103
       Boise, ID 83702
       t: 208.401.9219
       f: 208.401.9218
       jaren.wieland.service@mooneywieland.com

/s/ Andrew Rozynski
Andrew Rozynski, Esq.*
EISENBERG & BAUM, LLP
24 Union Square East, PH
New York, NY 10003
t: 212.353.8700
f: 212.353.1708

Attorneys for Plaintiff

*Pro Hac Vice*

CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2025, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected in the Notice of Electronic Filing, or or in the manner and at the address set forth below:

Meredith L. Thielbahr
Gordon Rees Scully Mansukhani
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
mthielbahr@grsm.com


*Jaren Wieland*
Jaren Wieland
Attorney for Plaintiffs