UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| REVAE ARNAUD,<br><br>  Plaintiff,<br><br>vs.<br><br>JACK IN THE BOX INC. and SGK IDAHO, INC.,<br><br>  Defendants. | Case No. 4:24-cv-00566-BLW-REP<br><br>**ORDER RE: PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT AND DEFENDANT JACK IN THE BOX INC.'S MOTION TO STRIKE** |

Pending before the Court are Plaintiff's Motion for Entry of Default (Dkt. 6) and Defendant Jack in the Box Inc.'s Motion to Strike (Dkt. 15). For the reasons set forth below, the Court will deny both motions.

### PROCEDURAL HISTORY

Plaintiff filed this Americans with Disabilities Act case on November 22, 2024 alleging claims against Defendant Jack in the Box, Inc. (Dkt. 1.) When Jack in the Box failed to timely appear, Plaintiff moved for entry of default. (Dkt. 6.) Ten days later, Sam Angell appeared on behalf of Jack in the Box and filed an answer to the complaint and a response to the motion for entry of default. (Dkts. 8-9). Not long thereafter, on January 27, 2025, Plaintiff filed an amended complaint adding claims against Defendant SGK Idaho, Inc. (Dkt. 11).

On February 7, 2025, a different attorney, Meredith Thielbahr entered an appearance on behalf of Jack in the Box. Ms. Thielbahr moved to strike Mr. Angell's filings. (Dkt. 15.) Ms. Thielbahr also asked that the Court approve a stipulation deeming Plaintiff's motion for entry of default moot and extending Jack in the Box's deadline to answer the amended complaint to

ORDER – 1

February 17, 2025. (Dkt. 14.) On February 14, 2025, Ms. Thielbahr filed Jack in the Box's answer to the amended complaint. (Dkt. 17.) Neither Mr. Angell nor Plaintiff have filed any response to Ms. Thielbahr's motion to strike Mr. Angell's filings.

## DISCUSSION

A. Plaintiff's Motion for Entry of Default

All of the relevant parties agree that the Court should deny Plaintiff's Motion for Entry of Default as moot. (Dkt. 14). The Court accepts this stipulation. *See LaComba v. Eagle Home Loans & Inv., LLC*, No. 2:23-CV-0370 KJM DB, 2023 WL 5488425, at *1 (E.D. Cal. Aug. 24, 2023) (the filing of an amended complaint generally renders a motion for entry of default moot).

B. Defendant's Motion to Strike

Defendant Jack in the Box has moved to strike its own filings under Federal Rule of Civil Procedure 12(f) on the basis that they were filed by an attorney who did not represent Defendant and was not authorized to act on its behalf. (Dkt. 15.) As part of this motion, Ms. Thielbahr asks the Court to "recognize Gordon Rees Scully Mansukhani, LLP as the sole and properly retained legal counsel for Defendant Jack in the Box Inc." *Id.*

To support these requests, Defendant's current attorney, Ms. Thielbahr, filed a declaration asserting that Defendant never engaged or retained Mr. Angell to represent it in this matter and that Defendant asked Mr. Angell to voluntarily withdraw, but did not receive a response to this request. (Dkt. 16.) It is not clear from Ms. Thielbahr's declaration what personal knowledge she has of Defendant's dealings with Mr. Angell. Without more detailed information from Defendant or Mr. Angell about their interactions, the record remains too unsettled for the Court to issue definitive rulings about the nature of the relationship. Nor is it necessary, at this juncture, for the Court to issue such a ruling.

**ORDER – 2**

"[M]otions to strike are generally disfavored." *JE Dunn Constr. Co. v. Owell Precast LLC*, No. 4:20-CV-00158-BLW, 2020 WL 4455113, at *4 (D. Idaho Aug. 3, 2020) (internal citation omitted). Where the moving party has not shown prejudice, a court retains discretion to deny a motion to strike. *Id.*; *see also Diamond Resorts U.S. Collection Dev., LLC v. Reed Hein & Assocs., LLC*, No. 2:17-CV-03007, 2020 WL 8475976, at *1 (D. Nev. May 13, 2020). Here, Defendant has shown no prejudice from the leaving Mr. Angell's filings in the record. Both filings pertain to pleadings that have been superseded or mooted. As things currently stand, Defendant's operative answer is the answer to the amended complaint filed by Ms. Thielbahr on February 14, 2025. The Court, accordingly, declines to enter a ruling about Mr. Angell and Defendant's relationship. Such a ruling would serve little purpose and would require the Court to opine on a matter on which it is only half-informed. If it becomes necessary, at a future date, for the Court to issue a ruling about Mr. Angell and Defendant Jack in the Box Inc.'s relationship, the Court will do so in accordance with the instructions set forth below.

## ORDER

IT IS HEREBY ORDERED that:

1. Plaintiff's Motion for Entry of Default (Dkt. 6) is DENIED as moot.

2. The Court accepts the parties' stipulation (Dkt. 14) to extend Defendant Jack in the Box Inc.'s deadline to answer the amended complaint. Defendant's February 14, 2025 answer, accordingly, was timely filed.

3. Defendant Jack in the Box Inc.'s Motion to Strike (Dkt. 15) is DENIED. Before it files any other motions regarding Mr. Angell's involvement in the case, Gordon Rees Scully Mansukhani, LLP must confer directly with Mr. Angell to see if counsel can reach a stipulation regarding Mr. Angell's withdrawal from this matter. If counsel's

**ORDER – 3**

efforts to confer are unsuccessful, any subsequently filed motion must include a certification (i) explaining the specific efforts Gordon Rees Scully Mansukhani, LLP made to confer with Mr. Angell and (ii) setting forth any response Mr. Angell has provided regarding his involvement in this lawsuit and his position on Gordon Rees Scully Mansukhani, LLP's request to have him removed from the case.

DATED: March 13, 2025

Raymond E. Patricco
Chief U.S. Magistrate Judge

**ORDER – 4**